# EXHIBIT 1

201800160

COMMONWEALTH OF MASSACHUSETTS

CIVIL #_____

WARRANT #_____

WORCESTER, ss.

TRIAL COURT   2018 JAN -5  AM II: 21
SUPERIOR COURT DEPARTMENT
WORCESTER DIVISION
DOCKET NO. 1785 CV 02080 A

COUNTY
SHERIFF'S DEPT.
IDAHO
RECEIVED

### ABBAS QUTAB

### PLAINTIFF

### V.

### KYANI, INC.

### KYANI INTERNATIONAL, LLC

### KYANI GLOBAL, LLC

### KIRLAND R. HANSEN, INDIVIDUALLY AND AS AN OFFICER AND DIRECTOR OF KYANI, INC.,  KYANI INTERNATIONAL, LLC, AND KYANI GLOBAL, LLC

### MICHAEL BRESHEARS INDIVIDUALLY AND AS AN OFFICER AND DIRECTOR KYANI, INC. AND OF KYANI GLOBAL, LLC

### CARL B. TAYLOR INDIVIDUALLY AND AS AN OFFICER AND DIRECTOR OF KYANI, INC.

### C. JAMES HANSEN INDIVIDUALLY AND AS A DIRECTOR OF KYANI, INC.

### L. KENT TAYLOR INDIVIDUALLY AND AS A DIRECTOR OF KYANI, INC.

### DEFENDANTS

### COMPLAINT AND DEMAND FOR A JURY TRIAL

### PARTIES

1.      Abbas Qutab is a natural person who lives in Worcester County,

Massachusetts.

2.      Kayani, Inc. is a corporation based at 1070 Riverwalk Drive, Ste. 350, Idaho

˅1˅

Falls, Idaho.

3.     Kyani International, LLC is a corporation based at 1070 Riverwalk Drive, Ste. 350, Idaho Falls, Idaho.

4.     Kyani Global, LLC is a corporation based at 1070 Riverwalk Drive, Ste. 350, Idaho Falls, Idaho.

5.     Kirland R. Hansen is a natural person and an officer, director and/or manager of Kyani, Inc., Kyani International, LLC, and Kyani Global, LLC.

6.     Michael Breshears is a natural person and an officer, director, and/or manager of Kyani, Inc. and Kyani Global, LLC.

7.     Carl B. Taylor is a natural person and an officer and director of Kyani, Inc..

8.     L. Kent Taylor is a natural person and a director of Kyani, Inc..

9.     C. James Hansen is a natural person and a director of Kyani, Inc..

## JURISDICTION AND VENUE

10.     Jurisdiction and Venue are appropriate for the Massachusetts Trial Court, Superior Court Department, Worcester Division as the matter in question is a civil matter founded in contract, tort, and consumer protection.

11.     The damages exceed $35,000.00.

12.     The plaintiff is a resident of the County of Worcester, Commonwealth of Massachusetts.

13.     The defendants are either corporations doing business in Massachusetts with a Massachusetts resident or are officers, directors, or managers of said corporations.

14.     Most if not all of the actions that lead to the lawsuit being filed either occurred in

Massachusetts or are connected to Massachusetts.

15.     These actions include but are not limited to the contract being consummated in Massachusetts, the Plaintiff performing his obligations under the contract in Massachusetts, letters being sent to and from lawyers in Massachusetts including a 93A Demand Letter, and the officers, directors or managers of the corporations coming to Massachusetts to conduct business on behalf of the corporation in Massachusetts.

## FACTS

16.     Kyani, Inc., Kyani International, LLC, and Kyani Global, LLC are all corporations that are headquartered in 1070 Riverwalk Drive, Ste. 350, Idaho Falls, ID.

17.     Kyani, Inc., Kyani International, LLC, and Kyani Global, LLC share the same officer, directors, or managers.

18.     Kyani, Inc., Kyani International, LLC, and Kyani Global, LLC for the purposes of this action will be deemed the same corporation since it is clear that their officers, directors, managers and shareholders are the same and shall be referred to as "Kyani" throughout the rest of these pleadings.

20.     On June 3, 2008 Kyani and Abbas Qutab, MD ("Qutab") executed a personal services contract with Kyani.

21.     The key provisions of this contract are Section 1B where Qutab is required to develop or help to develop Kyani products, Section 6 where the parties agree Qutab is an independent contractor and not an employee of the Kyani and Section 4b where either party can terminate the contract with or without cause with ninety days notice to the other party.  The agreement by design did not contain a Covenant Not to Compete.

22.    If Kyani terminates the contract then it is required to pay Qutab the sum of $25,000.00 per month for a three month period.

23.    On May 15, 2017 Kyani sent Qutab a letter demanding he cease all operations of his own businesses and demand he sign a new contract.

24.    This new contract required, among other things, Qutab to take down his own website, publically state he was not the formulator of the Kyani product, although under the his contract he was required to do just that, eliminate any contacts he had with any Kynai Distributors on Facebook, and Qutab could not use any phrase or tagline that in Kyani's judgement alone has been used by anyone to describe a Kyani product.

25.    On May 18, 2017 Qutab, through his counsel sent a letter declining the request and stated he would refuse to sign the contract as it was currently drafted.

26.    On August 16, 2017 Kynai and Qutab reached an agreement as to how and when Qutab could sell his own product line.

27.    This agreement stated that Qutab would cease selling his Daily Multi, Pure Omega 3, NitroMax, Superfoods & Antioxidant Blend in exchange Qutab was permitted to sell his own products, make any claim about any other product he wished, including Kyani's, and use Facebook to communicate with anyone he wished.  All other provisions the proposed contract were abandoned and not included in the new contract.

28.    Since August 16, 2017 Qutab complied with the terms of the August 16, 2017 agreement.

29.    On September 20, 2017 Kynai sent Qutab a letter informing Qutab that they were

terminating him for breach of contract because his continued promotion of his own product line violated the doctrine of good faith and fair dealing and hence he had violated his August 16, 2017 agreement.

30.     On September 26, 2017 Qutab, through counsel sent Kynai a letter pursuant to G.L. c. 93A, s. 11 stating that Qutab did not breach the contract and that if any breach had occurred that Kynai had failed to allow Qutab any time to cure the breach.  The letter went on to state that Kynai had breach the contract, fraudulently induced Qutab to contract with them, tortuously interfered with contractual relations, libel and slander.

31.     On September 28, 2017 Qutab's counsel and Kynai's counsel spoke over the phone and reached an agreement that Kynai would not terminate the contract for cause pursuant to Section 4a but rather for no fault pursuant to 4b.

32.     On September 29, 2017 Qutab, through his counsel sent Kynai a letter summarizing their conversation.

32.     During the period September 30, 2017 to October 31, 2017 the parties agreed that Qutab would be terminated pursuant to Section 4b of the contract and would receive a severance package of $25,000.00 per month.  Both sides would agree to forgo any and all claims they have against each other.  Public statements about Qutab's separation would be worked out between the parties.

33.     On or about October 10, 2017 Kyani made the first of its three required payments to Qutab.

34.     Since that date they have made no further payments to Qutab despite repeated requests to do so.

˘5˘

35.     On December 20, 2017 Kyani released a public statement that Qutab's statements about the dangers of foods containing high levels of radiation should be avoided were "entirely false, misleading, and are completely contradicted not only by scientific fact, but by hundreds's of Dr. Qutab's own statements."

36.     Qutab's on his own Facebook page, where he has been posting information about nutrition, healthy eating, and other health related topics for years, stated that there were documented cases of fish found in the waters off of California, Washington State, and Alaska having high levels of radiation in them.  Qutab suggested that anyone who buys fish from these areas should make sure that the fish are IFSO certified which means an outside agency has determined that these fish do not contain high levels of radiation.

37.     Kyani through its counsel Josh Chanlder sent a text ordering people to take down any posts from Qutab and not to cooperate with Qutab in any way or Kynai would sue them.

38.     Kyani has both orally, in traditional media and digital media made claims that Qutab has lied, committed a breach of contract, and committed other unethical conduct.

## CLAIMS

## COUNT 1

### BREACH OF JUNE 3, 2008 CONTRACT

39.     The plaintiff incorporates by reference paragraphs 1 through 38 of this complaint.

40.     The defendants have breached the contract by refusing to pay Qutab the remaining $50,000.00 owed  to him under Section 4b of the June 3, 2008 contract for a no fault termination.

41.     Therefore the defendants are liable to the plaintiff for statutory damages, actual damages, and attorney's fees.

## COUNT 2

### BREACH OF AUGUST 16, 2017 CONTRACT

42.     The plaintiff incorporates by reference paragraphs 1 through 41 of this complaint.

43.     The defendants have breached the contract by claiming that Qutab had no right to sell his own line of products and threatening to terminate him for cause.

44.     Therefore the defendants are liable to the plaintiff for statutory damages, actual damages, and attorney's fees.

## COUNT 3

### BREACH OF OCTOBER 2017 CONTRACT

45.     The plaintiff incorporates by reference paragraphs 1 through 44 of this complaint.

46.     The defendants have breached the contract by claiming that Qutab has been violated the June 3, 2008 and August 16, 2017 and therefore Kyani has the right commence legal action against him for breach of contract despite having agreed to waive all claims and not to sue Qutab for any reason.

47.     Therefore the defendants are liable to the plaintiff for statutory damages, actual damages, and attorney's fees.

ˇ7ˇ

## COUNT 4

### LIBEL AND SLANDER

48.     The plaintiff incorporates by reference paragraphs 1 through 47 of this complaint.

49.     The defendants orally, in traditional and digital media have claimed Qutab has acted unethically, lied, violated the terms of his contract, claimed ownership of the things he does not in fact own, and committed theft of intellectual property.

50.     Therefore the defendants are liable to the plaintiff for statutory damages, actual damages, and attorney's fees.

## COUNT 5

### FRAUD

51.     The plaintiff incorporates by reference paragraphs 1 through 50 of this complaint.

52.     The defendants have used various corporations with similar sounding names, the same address, and the same key officers and directors to commence a shell game to hide assets, break contracts, avoid taxes by mislabeling employees as an independent contractors, and failing to register in the Commonwealth of Massachusetts as a foreign corporation despite having distributors in the Commonwealth of Massachusetts who are under the control of Kyani.

53.     All of this is done with the intent of insuring that if a judgment is ever levied against them the plaintiff will be unable to collect.

54.     Therefore the defendants are liable to the plaintiff for statutory damages, actual damages, and attorney's fees.

## COUNT 6

## FRAUDULENT INDUCEMENT TO CONTRACT

55.     The plaintiff incorporates by reference paragraphs 1 through 54 of this complaint.

56.     The defendants induced Qutab to sign a contract where Qutab agreed to stop selling his Daily Multi, Pure Omega 3, NitroMax, Superfoods & Antioxidant Blend and in exchange Qutab was permitted to sell his own products, make any claim about any other product he wished, including Kyani's, and use Facebook to communicate with anyone he wished, and his current contract would continue unimpeded.

57.     Despite this Kyani wrongfully claimed that Qutab violated his contract by selling his products and that was a violation of the contract and hence terminated his contract and threatened to sue him.

58.     Kyani clearly induced Qutab to sign a contract and give up selling certain products of his own when they had not intention of fulfilling its obligations under the contract.

59.     Therefore the defendants are liable to the plaintiff for statutory damages, actual damages, and attorney's fees.

## COUNT 7

## TORTUOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

60.     The plaintiff incorporates by reference paragraphs 1 through 59 of this complaint.

61.     Kyani has sent out threats to Qutab's friends and business partners not to

cooperate with Qutab in regards to this lawsuit or in future business dealings or they will be sued by Kyani.

62. Therefore the defendants are liable to the plaintiff for statutory damages, actual damages, and attorney's fees.

## COUNT 8

## VIOLATION OF G.L. 93A

63. The defendant incorporates by reference paragraphs 1 through 62 of this complaint.

64. At all times relevant to this dispute the plaintiff and the defendants in the Cross Claim are involved in a trade or business under G.L. c. 93A, s. 11.

65. The defendant sent a demand letter pursuant to G.L. c. 93A, s. 11.

66. The defendants actions outlined in paragraphs 1 through 63 have violated G.L. c. 93A, s. 11.

67. Therefore the plaintiff is liable to the defendant for statutory damages, actual damages, treble damages, and attorney's fees.

## COUNT 9

## PIERCING THE CORPORATE VEIL

68. The defendant incorporates by reference paragraphs 1 through 67 of this complaint.

69. Kyani, Inc., Kyani International, LLC, Kyani, Global, LLC all share the same exact address of 1070 Rieverwalk Dr., Ste. 350, Idaho Falls, ID.

70. Kirk Hansen is an officer, director or manager of Kyani, Inc., Kyani International, LLC, Kyani, Global, LLC.

71.     Michael Breshears is an officer, director or manager of Kyani, Inc. and Kyani Global, LLC.

72.     Kyani, Inc., Kyani International, LLC, Kyani, Global, LLC all are involved in Multi-Level Marketing in some form or another.

73.     Corporate formalities were not observed by the officers, directors, or managers of these entities.

74.     Kirk Hansen would regularly insert himself into day to day corporate affairs that directly resulted in Qutab suffering libel, defamation, breach of contract, and interference with advantageous contractual relationship.  Then he would hide behind the corporate shield of his various corporations to avoid liability.

74.     The officers, directors, and managers did not play any functioning roles with respect to these entities that include but are not limited to stopping Kirk Hansen from committing the above referenced actions.

75.     There is a confused intermingling of the activity of these three entities engaged in a common enterprise with substantial disregard of separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various entities and their respective entities are acting.

76.     The actions of the officers, directors, and managers of all of these entities constitute torts, namely, libel, slander, tortuous interference with contractual obligations, which an officer, director, or manager of a corporation is liable.  As such there is sufficient grounds, in and for themselves, for disregarding the corporate form and extending liability to Kirland R. Hansen, Michael Breshears, Carl B. Taylor, L. Kent Taylor, and C. James Hansen.

**WHEREFORE**, the defendant requests the following relief:

1.     Award the Plaintiff $50,000.00 on Count 1 of the Plaintiff's Claims.

2.     Award the Plaintiff $100,000,000.00 for Counts 2, 3, 4, 5,6, and 7 of the Plaintiff's Claims.

3.     Award Treble Damages pursuant to G.L. c. 93A pursuant to Count 8 of the Plaintiff's Claims.

4.     Award the Defendant attorney's fees pursuant to G.L. c. 93A pursuant to Count 8 of the Plaintiff's Claims.

5.     Disregard the corporate form and extend liability to Kirland R. Hansen, Michael Breshears, Carl B. Taylor, L. Kent Taylor and C. James Hansen pursuant to Count 9 of the Plaintiff's Claims.

6.     Award the Defendant any other relief the court deems just.

**A JURY TRIAL IS DEMAND ON ALL ISSUES THAT ARE TRIABLE BY A JURY.**

Respectfully Submitted
ABBAS QUTAB
By his attorney

Kenneth M. Diesnhof (BBO#561270)
Law Office of Kenneth M. Diesenhof
The Kennedy Building
142 Main Street
Suite #407
Brockton, MA 02301
Tel:          508-580-6907
Fax:         508-580-8768
E-mail:     kmdlaw@ymail.com

Date: