**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
|  |  |
|---|---|
| DR. ABBAS QUTAB | ) |
| Plaintiff, | ) |
| v. | ) |
| KYÄNI, INC., KYÄNI INTERNATIONAL, LLC, KYÄNI GLOBAL, LLC, KIRLAND R. HANSEN, INDIVIDUALLY AND AS AN OFFICER AND DIRECTOR KYÄNI, INC., KYÄNI INTERNATIONAL, LLC, AND KYÄNI GLOBAL, LLC, MICHAEL BRESHEARS INDIVIDUALLY AND AS AN OFFICER AND DIRECTOR KYÄNI, INC. AND OF KYÄNI GLOBAL, LLC, CARL B. TAYLOR INDIVIDUALLY AND AS AN OFFICER AND DIRECTOR OF KYÄNI, INC., C. JAMES HANSEN INDIVIDUALLY AND AS A DIRECTOR OF KYÄNI, INC., L. KENT TAYLOR INDIVIDUALLY AND AS A DIRECTOR OF KYÄNI, INC., | ) C.A. No. 18-10192-TSH |
| Defendants | ) |

**DECISION AND ORDER ON DEFENDANTS**
**MOTION TO DISMISS (Doc. No. 9)**

**August 13, 2018**

**HILLMAN, D.J.**

### Introduction

The Plaintiff, Dr. Abbas Qutab, ("Qutab") brings this action against Kyäni, Inc., Kyäni International, LLC, Kyäni Global, LLC, and their officers and directors (collectively referred to as "Defendants"), who employed Qutab as an independent contractor.[1] Qutab alleges: breach of

---

[1] The following directors and officers of Kyäni, Inc. are sued: Kirk Hansen, individually and as officer and director; Michael Bershears, individually and as officer and director; Carl Taylor, individually and as officer and director; C. James Hansen, individually and as director and; L. Kent Taylor, individually and as director. Additionally, Kirk

contract (counts I, II, III); libel and slander (Count IV); fraud (Count V); fraudulent inducement to contract (Count VI); tortious interference with contractual relationship (Count VII); violation of Mass. Gen. Laws ch. 93A (Count VIII) and; that the entity Defendants' corporate veils should be pierced and each of the Defendants should be viewed as alter egos of one another (Count IX). Prior to the Plaintiff filing this action, Kyäni, Inc.[2] filed a lawsuit against the Plaintiff in Idaho state court (the "Idaho Action").[3] The Defendants move to dismiss or stay this action pursuant to the prior pending action doctrine, for lack of personal jurisdiction, or failure to state a claim upon which relief can be granted. For the reasons outlined below, I find that the prior pending action doctrine applies and stay the case pending the resolution of the Idaho Action.

## Background

Defendants sell nutritional products to distributors, who then sell those supplements to others. On June 3, 2008, Defendants entered into a service contract with Qutab (the "2008 Contract"). The 2008 Contract required Qutab to assist in the development of and promote Defendants products. It did not contain a covenant not to compete and allowed either party to terminate the contract with or without cause with ninety days' notice to the other party. In February 2017, Qutab began to operate his own website, drqwellness.com and commented about Defendants products, represented himself as formulating them, and invited his Facebook "friends" to visit, many of whom were also distributors and customers of Defendants. In May

---

Hansen is sued individually and as officer and director of Kyäni International, LLC, and Kyäni Global, LLC. Lastly, Michael Breshears is also sued individually and as officer and director of Kyäni Global, LLC.

[2] The Court references Kyani, Inc., only to clarify that Kyani, Inc., is the only Defendant who filed suit against Qutab in the Idaho Action.

[3] The Amended Complaint in the Idaho Action alleges: false designation of origin (Count I); common law unfair competition (Count II); defamation (Count III); breach of covenant of good faith and fair dealing (Count IV); declaratory relief as to the parties respective rights and obligations under the 2008 Contract (Count V); tortious interference (Count VI); unjust enrichment (Count VII).

2017, Defendants requested that Qutab cease his business and stop associating Defendants with drqwellness.com.

Qutab states that he and Defendants reached a new agreement in August 2017 (the "August Agreement").[4] Under the August Agreement Qutab was prohibited from selling certain products but permitted to sell his own products and comment on any products, including Defendants.

In September 2017, Defendants agreed to terminate Qutab without cause triggering the requirement for Defendants to make him three payments of $25,000.[5] In October 2017, Defendants made one payment of $25,000 (the "October Payment") to Qutab. No further payments have been made. Qutab asserts that Defendants failed to comply with their obligations by failing to pay him after terminating him without cause, not permitting Qutab to sell his own line of products, and for wrongly asserting that Qutab breached any contract. Defendants argue that Qutab was terminated with cause and that the October Payment was given merely as a means to attempt to smooth out the parties' relationship.

On September 26, 2017, Qutab sent a demand letter (the "Demand Letter") to Defendants alleging breach of contract and a request for relief. On November 17, 2017, Defendants filed the complaint against Qutab in the Idaho Action and filed an amended complaint (the "Amended Complaint") on December 19, 2017. The next day, Defendants' lawyer sent Qutab's lawyer a copy of the complaint but, Qutab was not served with the Amended Complaint until December 28, 2017. That same day, Qutab filed the complaint in this action (the "Complaint") in

---

[4] There is a dispute as to the existence of the August Agreement. For purposes of hits motion, the Court assumes this agreements exists.
[5] It appears that this conversation and/or the "October Payment" form the "October Contract" as alleged in the complaint. *See* (Doc. No. 1-1; p. 5, 7). For purposes of this motion, the Court assumes this agreement exists.

Massachusetts state court and the Defendants were served on January 5, 2018. Defendants then removed the case to this Court.

The Defendants now move to dismiss this action under the prior pending action doctrine, lack of personal jurisdiction, and for failure to state a claim upon which relief can be granted. The Court only reached the first inquiry.

## Discussion

### Prior Pending Action Doctrine

The prior pending action doctrine may properly be applied where there is a pending "prior action, in a court of competent jurisdiction, between the same parties, predicated on the same cause of action and growing out of the same transaction, and in which identical relief is sought." *Quality One Wireless, LLC v. Goldie Grp., LLC*, 37 F. Supp. 3d 536, 540 (D. Mass. 2014). It is used to improve judicial efficiency and avoid inconsistent judgments. *Id*. at 541 (citing *Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 243 (D. Conn. 2007)). "Generally, a court may stay or dismiss a later-filed action under the doctrine if two conditions are met: (1) there exists an identity of issues between the two action and (2) the controlling issues in the later-filed action will be determined in the earlier-filed action." *Id*. (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1360, at 89 (3d ed. 2004)).

"The suit filed first should have priority 'absent the showing of balance of convenience in favor of the second action.'" *Id*. If it is possible to amend the prior action to "contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored." *Id.* (citing *Holliday v. City of Newington,* 2004 U.S. Dist. LEXIS 717160 at *1 (D. Conn. Mar. 19, 2004)). Although not widely used in this district, it is applied in other

districts and has been applied here. *See Quality One Wireless*, 37 F. Supp. 3d at 543 (the court applied the prior pending action in an effort to save judicial resources, avoid inconsistent adjudication, and because its application did not prejudice the plaintiff in the second filed action). The decision of whether the doctrine applies to a particular case falls within the discretion of the judge. *Id*. at 542 n.4 (quoting *Jones v. Am. Guild of Variety Artists*, 199 F. Supp. 840, 841 (E.D. Pa. 1961)("a federal judge presented with such a suit has the discretion to either stay or dismiss the Federal proceedings (without prejudice) pending the outcome of the State suit.")).

Qutab argues that the prior pending action doctrine does not apply because he was the first to file suit. It is Qutab's assertion that the Demand Letter, which was sent to Defendants prior to filing the Idaho Action, initiated this suit. Although the Demand Letter alleges breach of contract with a demand and prayer for relief, Qutab does not cite, and this Court has not found, any caselaw to suggest that a demand letter constitutes the commencement of an action for purposes of this doctrine. Qutab filed the Complaint on December, 28, 2017, the same day he was served with notice of the Idaho Action. Therefore, it is clear that the Idaho Action was filed first. *See* Mass. R. Civ. P. 3 (a civil complaint is commenced upon the complaint being submitted to the court).[6]

Here, the parties are not identical but "share sufficient congruence of interests." *Quality One Wireless*, 37 F. Supp. 3d at 541 (citing *Whitten Ranch, Inc. v. Premier Alfalfa, Inc.*, 2009 WL 1844482, at *2 (D. Neb. June 18, 2009) (finding "congruent, if not identical" interests of an individual and company owned by him satisfied doctrinal requirement)). The only difference

---

[6] Even looking to the date of service, the record shows that Qutab was served with notice of the Idaho Action on December 28, 2017, and Kyani was served with notice of this action on January 5, 2018. Therefore, it is still clear that that the Idaho Action was the first filed.

between the parties in the two suits is that in addition to Qutab and Kyäni, Inc., the only parties in the Idaho Action, Qutab has included Kyäni International, LLC, Kyäni Global, LLC, and five individual directors and/or officers.[7] However, Qutab concedes that, "for purposes of this action", the Kyäni entities "will be deemed the same corporation". (Doc. No. 1-1; p. 3, ¶ 18). Furthermore, all of the Defendants are represented by the same counsel in this action, the same counsel who represents Kyäni, Inc., in the Idaho Action. *See Quality One Wireless*, 37 F. Supp. 3d at 541 (although the parties were not identical, they shared congruent interests which was "further evidenced by their sharing of the same counsel"). Therefore, the two actions involve identical parties.

The allegations set forth in the Complaint "arise out of the same transactions" as the Amended Complaint in the Idaho Action. *Quality One Wireless*, 37 F. Supp. 3d at 541. Although the parties dispute certain facts, and the claims are not identical, they all arise out of the 2008 Contract and the termination of Qutab and Defendants' business relationship. A determination of the disputed facts will involve the same evidence, such as the parties' respective performance and obligations under the 2008 Contract and any purported modifications to said contract, and will be dispositive of the issues in both actions. *See Curcio*, 472 F. Supp. 2d at 243 (although "the underlying theories of liability and damages may be distinct, a substantial portion of the evidence will necessarily overlap."). Furthermore, the parties seek damages and a determination of their respective rights and obligations increasing the concern for inconsistent judgments based on contract interpretation.

To the extent that Qutab argues that the Chapter 93A cannot be heard in Idaho state court, I disagree. At least one other state court has settled such disputes. *See Clark and Lavey Benefits*

---

[7] Qutab does not argue that the parties are not identical.

6

*Solutions v. Educ. Dev. Ctr.,* N.H. Super. Lexis 94 *7-8 (N.H. Super. Ct. 2006). Additionally, federal courts outside this district have also litigated these Massachusetts state law claims. *See, e.g., Supreme Auto Transport LLC v. Arcelor Mittal*, 238 F. Supp. 3d 1032, 1041-42 (N.D. Ill. 2017); *Rogers v. Comcast, Corp.*, 55 F. Supp. 3d 711, 717 (E.D. Penn. 2014).

Taking into account the interests of justice, I find that applying the doctrine is proper. *See Quality One Wireless*, 37 F. Supp. 3d at 542 (the court looked to the following factors: "(1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay [or dismissal].")(citing *Universal Gypsum of Georgia, Inc. v. American Cynamid Co.*, 390 F. Supp. 824 at 827 (S.D.N.Y. 1975)).

Here, Kyäni, Inc., the first-filed plaintiff, filed in Idaho. *See Quality One Wireless*, 37 F. Supp. 3d at 542-543 (the plaintiff in the first filed action's "choice of forum is given substantial weight and will not be disturbed unless the balance of factors weighs strongly in favor of another forum."). Convenience tilts in favor of the Idaho Action because all of the Defendants reside in Idaho, the 2008 Contract is governed by Idaho law, and the fact that Qutab is already litigating the Idaho Action in Idaho.[8] Additionally, as stated above, to stay this action pending the Idaho Action promotes judicial efficiency and minimizes waste of judicial resources. Absent a persuasive argument by Qutab, I find that all of these factors weigh in favor of applying the doctrine in this case.

---

[8] Qutab points out that his proposed additional defendant, Jules Marchisio, will likely be dismissed for lack of personal jurisdiction. However, Marchisio signed an affidavit waiving her right to raise personal jurisdiction in Idaho. Additionally, the proposed amended complaint requesting to add her only names her in the title of the action and nowhere in the substantive portion. There are no specific allegations as to her involvement or misconduct. Furthermore, the motion for an amended complaint has not been ruled on and because this Court is staying the case, it takes no action on it at this time.

Lastly, I find that the interests of justice weigh in favor of staying this action as opposed to dismissing it. *See id*. at 543 ("a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.").

**Conclusion**

For all of these reasons, Defendants motion to dismiss (Doc. No. 9) is **_granted_** as to the request that the case be stayed pending the resolution of the Idaho Action. The parties are permitted to move to lift or modify the stay at any time for good cause shown. I take no action on Qutab's First Motion to Amend Complaint (Doc. No. 20) at this time.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
